# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-2938

_____

Jennifer Neal, Personal Representative    *
of the Estate of deceased Willie Neal,    *
Jr.; Jennifer Neal, on her own behalf,    *

       *

     Appellants,    *

       *    Appeal from the United States

Willie Neal, Sr.; Jamelah Neal; Whitney   *    District Court for the
Neal, by their next friend nfr Jennifer    *    Eastern District of Missouri.
Neal,    *

       *

     Plaintiffs,    *

       *

   v.    *

       *

St. Louis County Board of Police    *
Commissioners; St. Louis County Police *
Department; Ronald Battelle, Chief of    *
St. Louis County Police Department;    *
Robert Flagg, Chairman; Gene Warmann,*
Vice Chairman; Patrick Pwardowski,    *
Secretary; Sheila Hoffmeister, Member;   *
Leon Burke, member, comprising the    *
St. Louis County Board of Police    *
Commissioners; Carl Peterson,    *

       *

     Appellees.    *

_____

Submitted: April 12, 2000
Filed: July 3, 2000

_____

BeforeWOLLMAN, Chief Judge, MAGILL, Circuit Judge, and FRANK,[*] District
Judge.

_____

MAGILL, Circuit Judge.

This appeal requires us to decide whether a police officer violates the Fourteenth
Amendment's guarantee of substantive due process by accidently shooting another
officer while attempting to protect the other officer from an armed suspect. We answer
no, and hold that in such circumstances only a purpose to cause harm to the threatened
officer will satisfy the element of conscience-shocking conduct necessary for a due
process violation.

## I.

On January 29, 1997, Officer Willie Neal asked Officer Carleton Peterson to
accompany him on an undercover operation that Neal had arranged for later that day.
Peterson agreed to assist Neal, subject to the approval of Peterson's supervisor,
Sergeant Bill Hines. After learning of the planned operation, Sergeant Hines asked
Neal if he wanted additional backup officers to participate in the operation. Neal, the
senior officer involved in the operation, refused the offer of additional backup.

Later that afternoon, Neal and Peterson drove to Mac's Package Liquor Store
(Mac's), located at 5956 Natural Bridge Road in Saint Louis. Neal parked his car
perpendicular to and facing the west wall of the building. Within minutes of arriving
at Mac's, a person later identified as Jerome Baker approached the car from the
passenger side and looked in the window at Peterson. Baker then walked around the
car and headed towards Neal. Neal exited the vehicle and approached Baker. Baker

---

[*]THE HONORABLE DONOVAN W. FRANK, United States District Judge for
the District of Minnesota, sitting by designation.

shook Neal's hand and engaged Neal in conversation.  As Baker and Neal talked, they walked to the southwest corner of Mac's building.

After observing Baker and Neal talk for a few moments, Peterson saw Neal raise his left hand in what he recognized as a sign of trouble.  Peterson also realized that he could no longer see Baker, although Neal had never left his sight.  Peterson got out of the undercover car and slowly moved to where he could see the southwest corner of the building.  When he looked around the building's corner, he was surprised to see Baker pointing a pistol directly at Neal's head, jabbing the weapon in a hostile and threatening manner, and forcing Neal to lower himself to the ground.

Peterson announced he was a police officer and ordered Baker to drop his gun. Upon hearing Peterson's announcement, Baker whirled around and immediately started firing at Peterson.  Peterson returned two shots at Baker in an attempt to defend himself and Neal.  Baker continued to fire, forcing Peterson to dodge to his left.  Baker fled the scene before Peterson had the opportunity to fire any additional shots at the armed suspect.

Peterson noticed Neal was injured and assisted him back into the vehicle. Peterson then requested nearby witnesses to inform the police that Neal had been shot during the gunfight.  When Emergency Medical Services personnel arrived at the scene, they examined Neal and declared him dead at 4:02 p.m.  The Saint Louis Medical Examiner determined that Neal died due to a single bullet wound which entered the left side of his chest, traveled through both of his lungs and through his right arm.  It was later determined that Peterson fired the bullet which struck and killed Neal.  At the time of the shootout, Peterson did not realize that he had shot Neal.  Moreover, he did not believe that Neal would be endangered by the shots he fired at Baker as Neal was lying on the ground.

On January 30, 1998, Neal's surviving family members initiated suit pursuant to

42 U.S.C. § 1983, alleging that Peterson violated Neal's Fourteenth Amendment substantive due process rights by not following departmental procedures during the undercover operation. Plaintiffs also named the County of Saint Louis, the Chief of the Saint Louis County Police Department, and Members of the Saint Louis County Board of Police Commissioners as defendants in this case, arguing that these defendants failed to train and supervise Peterson in the proper procedures for undercover operations, or otherwise maintained policies or customs which contributed to the accidental shooting of Neal.

The district court[1] dismissed plaintiffs' claims against Officer Peterson, finding that plaintiffs' allegation that Peterson acted with "deliberate indifference" towards Officer Neal did not state a Fourteenth Amendment substantive due process claim. Rather, given the circumstances of this case, the district court held that only a purpose to cause harm unrelated to the legitimate objective of making an arrest will satisfy the element of arbitrary conduct that shocks the conscience. The district court also dismissed plaintiffs' claims against Saint Louis County, the Chief of Police, and the police board members, finding that these defendants could not be held liable because Officer Peterson did not violate Officer Neal's constitutional rights. For reasons to be discussed, we affirm.

II.

Appellants first argue that the district court erred in holding an allegation of "deliberate indifference" or "recklessness" is insufficient to state a Fourteenth Amendment due process claim based on an officer's accidental shooting of a fellow officer during a shootout with an armed suspect. We reject appellants' argument.

---

[1]The Honorable Rodney W. Sippel, United States District Judge for the Eastern District of Missouri.

The Supreme Court has recognized that the Fourteenth Amendment's provision that "[n]o state shall . . . deprive any person of life, liberty, or property, without due process of law," U.S. Const. amend. XIV, § 1, "guarantees more than fair process," Washington v. Glucksberg, 521 U.S. 702, 719 (1997), and covers a substantive sphere as well, "barring certain government actions regardless of the fairness of the procedures used to implement them," Daniels v. Williams, 474 U.S. 327, 331 (1986). The allegation in this case amounts to such a claim. Plaintiffs essentially allege that Peterson's actions in causing Neal's death were an abuse of executive power so clearly unjustified as to be barred by the Fourteenth Amendment. Whether Peterson's actions were such an abuse of power turns on whether Peterson's actions towards Neal shocks the conscience in such a way as to violate the rights protected by the Fourteenth Amendment. See County of Sacramento v. Lewis, 118 S. Ct. 1708, 1716-21 (1998).

In situations where a state actor is afforded a reasonable opportunity to deliberate various alternatives prior to electing a course of action, the chosen action will be deemed "conscience shocking" if the action was taken with "deliberate indifference." See Lewis, 118 S. Ct. at 1719. However, in rapidly evolving, fluid, and dangerous situations which preclude the luxury of calm and reflective deliberation, a state actor's action will shock the conscience only if the actor intended to cause harm. See id. at 1720. In the latter situations, as a practical matter, state actors do not have time to engage in actual deliberation. Thus, in these types of situations, the Supreme Court has recognized that liability "turn[s] on whether force was applied in a good faith effort . . . or maliciously and sadistically for the very purpose of causing harm." Id. (holding that an officer's high-speed chase with no intent to harm suspects physically or worsen their legal plight does not give rise to liability under the Fourteenth Amendment) (internal citation omitted).

Relying on Lewis, the district court held that plaintiffs' allegations of Peterson's "deliberate indifference" were insufficient to state a cause of action under the Fourteenth Amendment because only a purpose to cause harm unrelated to law

enforcement objectives will "shock the conscience" in cases requiring officers to exercise quick judgment in a dangerous and rapidly evolving situation. The district court found that Officer Peterson did not have time to deliberate about his actions, but, rather, responded quickly and decisively to protect Officer Neal from a criminal suspect who was pointing a gun in a threatening manner at Neal's head. According to the district court, Officer Peterson did not have the luxuries of time and opportunity to deliberate and weigh competing interests before acting to protect Officer Neal from danger. We agree. Thus, unless Peterson acted "maliciously and sadistically for the very purpose of causing harm," his accidental shooting of Neal did not violate Neal's Fourteenth Amendment rights. See Lewis, 118 S. Ct. at 1720. Plaintiffs admit that Peterson accidentally shot Neal in an attempt to protect Neal from harm. Therefore, the district court properly dismissed their claims based on Officer Peterson's "deliberate indifference" to Officer Neal's welfare.

Plaintiffs attempt to redirect this Court's focus to the hour and a half before the shootout to show that Officer Peterson had time to deliberate departmental policies and practices designed to protect officers involved in undercover operations. More specifically, plaintiffs argue that Peterson was deliberately indifferent to the following policies and practices which might have saved Neal's life: 1) pre-transaction planning or briefing, 2) use of authorized ammunition, 3) keeping fellow officers in sight during the undercover operation, 4) use of wires to record and monitor conversations between fellow officers and suspects, 5) use of additional officers to provide backup, and 6) use of a bulletproof vest. Plaintiffs suggest that the "deliberately indifferent" standard, rather than the "malicious or sadistic" standard, should be used because Peterson had time to consider these policies and deliberately chose to disregard them at a time when both Neal and he were free from danger. We reject plaintiffs' argument.

Given the facts of this case, we believe that it is inappropriate to look outside the time period immediately preceding Peterson's decision to fire his gun to determine whether Peterson's conduct was truly conscience shocking. More specifically, we

refuse to consider violations of departmental guidelines allegedly committed approximately one and a half hours before the shootout between Baker and Peterson. Police department guidelines and policies do not create constitutional rights under the substantive due process clause of the Fourteenth Amendment. See Edwards v. Baer, 863 F.2d 606, 608 (8th Cir. 1989); see also Lewis, 118 S. Ct. at 1720-21 (holding that "[r]egardless whether [defendant's] behavior offended the reasonableness held up by tort law or the balance struck in law enforcement's own codes of sound practice, it does not shock the conscience, and [defendant's] are not called upon to answer for it under § 1983."); Claybrook v. Birchwell, 199 F.3d 350, 360 (6th Cir. 2000) (holding that even if the actions of the three defendant patrolmen violated departmental policy or were otherwise negligent, no rational fact finder could conclude that those peace enforcement operatives acted with conscience shocking malice or sadism towards the unintended shooting victim). Thus, even assuming we look beyond the immediate circumstances of the shooting, plaintiffs could not sustain their due process claim because of Peterson's alleged indifference to departmental policies and regulations.[2]

## III.

Because Peterson did not violate Neal's Fourteenth Amendment rights, the County and City Official defendants cannot be held liable for a failure to train or supervise Officer Peterson. See Brodenicki v. City of Omaha, 75 F.3d 1261, 1266 (8th

---

[2]We note that Neal, the senior officer involved in the undercover operation that gave rise to the instant case, had the discretion to terminate the operation at any time, as well as the discretion to use a wire or a bullet proof vest. Neal decided to continue the operation without the use of either device, possibly to prevent alerting a suspect to his true identity in the event of a pat down. Officer Peterson did not have the authority to order Neal to do otherwise. Moreover, it was Neal who refused Sergeant Hines's offer to provide additional police officers for the mission. Thus, many of the alleged violations of departmental regulations were committed not by Peterson, but rather by Neal.

Cir. 1994) (holding that a city cannot be held liable under an inadequate training or municipal custom theory unless the defendant police officer is found liable on the underlying substantive claim). Thus, we affirm the district court's dismissal of plaintiffs' claims against Saint Louis County, the Chief of Police and the Police Commissioners.

## IV.

A police officer does not violate Neal's substantive due process rights by acting "deliberately indifferent" in accidently shooting another officer while attempting to protect the other officer from an armed suspect who was holding a gun to the head of the other officer. Rather, in such circumstances, only a purpose to cause harm to the threatened officer is sufficiently conscience shocking to give rise to a Fourteenth Amendment violation. Thus, the district court properly dismissed plaintiffs' claims in their entirety. For reasons discussed, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.